DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:   TOMOKO ONOZAWA
      SAMUEL DOLINGER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2721/2677
tomoko.onozawa@usdoj.gov
samuel.dolinger@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINGYUAN YANG and YAN LI, individually and as parents and natural guardians of S.Y., an infant, | 21 Civ. 6563 (MKV) |
| Plaintiffs, | **ANSWER** |
| -v- | |
| UNITED STATES OF AMERICA, NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., d/b/a NEW YORK-PRESBYTERIAN LOWER MANHATTAN HOSPITAL, and NEW YORK-PRESBYTERIAN WEILL CORNELL MEDICAL CENTER, | |
| Defendants. | |

Defendant the United States of America ("United States" or "Defendant"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby answers the complaint of plaintiffs Jingyuan Yang and Yan Li, individually and as parents and natural guardians of S.Y., an infant (together, "Plaintiffs") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq.*, upon information and belief as follows:

1.	Paragraph 1 of the complaint consists of legal conclusions regarding jurisdiction, to which no response is required.

2.	Paragraph 2 contains legal conclusions regarding administrative exhaustion, no response is required.  To the extent this paragraph contains factual allegations to which a response is deemed required, the United States admits that plaintiffs filed an administrative tort claim with the United States Department of Health and Human Services ("HHS"), received on or around October 28, 2020, and that HHS had not resolved the claim as of the date of the filing of this suit.

3.	Paragraph 3 consists of Plaintiffs' claim regarding the amount in controversy in this action, to which no response is required.  To the extent this paragraph contains factual allegations to which a response is deemed required, the United States denies the allegations in this paragraph.

4.	Paragraph 4 consists of legal conclusions regarding venue, to which no response is required.

5.	Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.	Paragraph 6 consists of legal conclusions, to which no response is required.  To the extent this paragraph contains factual allegations to which a response is deemed required, the United States avers that the HHS deemed Charles B. Wang Community Health Center, Inc. ("CBWCHC"), located at 268 Canal Street, New York, New York 10013, to be eligible for FTCA coverage in calendar year 2019 pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. §§ 233(g)-(n).

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Denies, except avers that Plaintiff Yan Li presented to CBWCHC for obstetrical care on April 1, 5, and 6, 2019, and began a course of prenatal care with CBWCHC and its employees on April 14, 2019.

9. Admits that Plaintiff Yan Li's course of prenatal care with CBWCHC and its employees, at its office at 268 Canal Street, continued from April 14, 2019, through December 5, 2019.

10. Admits.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, except avers that Sandy Lau Bui, D.O. ("Dr. Bui"), Pearl Tung, C.N.M. ("CNM Tung"), and Yuhan Kim, C.N.M. ("CNM Kim"), were employees of CBWCHC at the times relevant to the complaint, and that such personnel were acting within the scope of their employment at CBWCHC in providing care to Plaintiffs as relevant to the complaint.

12. Admits.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Denies.

17. Paragraph 17 contains legal conclusions, to which no response is required. To the extent this paragraph contains factual allegations to which a response is deemed required, the United States denies that Amy Frassetto, P.A., Taylor Reardon, P.A., Mingming Chan, P.A., and Alan W. Ho, M.D., were employees of the CBWCHC, avers (i) that HHS deemed CBWCHC eligible for FTCA coverage pursuant to the FSHCAA, 42 U.S.C. §§ 233(g)-(n), in calendar year 2019; (ii) that Dr. Bui, CNM Tung, and CNM Kim, were employees of CBWCHC at the times relevant to the complaint, and were deemed employees of the Public Health Service under the FSHCAA at those times; and (iii) that Dr. Bui, CNM Tung, and CNM Kim were acting within the scope of their employment at CBWCHC in providing care to Plaintiffs as relevant to the complaint.

18. Denies.

19. Paragraph 19 states plaintiff S.Y.'s demand for relief, to which no response is required. To the extent a response is deemed required, the United States denies that plaintiff is entitled to the requested relief or to any relief.

20. The United States reasserts its responses to the previous paragraphs of the complaint as though fully set forth herein.

21. Denies.

22. Paragraph 22 states plaintiff Jingyuan Yang's demand for relief, to which no response is required. To the extent a response is deemed required, the United States denies that plaintiff is entitled to the requested relief or to any relief.

23. The United States reasserts its responses to the previous paragraphs of the complaint as though fully set forth herein.

24. Denies.

25.     Paragraph 25 states plaintiff Yan Li's demand for relief, to which no response is required. To the extent a response is deemed required, the United States denies that plaintiff is entitled to the requested relief or to any relief.

26.     Paragraphs 26 through 37 of the complaint contain Plaintiffs' fourth through sixth causes of action, which do not assert claims as against the United States. Accordingly, no response by the United States is required. To the extent these paragraphs contain factual allegations to which a response is deemed required, the United States denies the allegations regarding Dr. Bui, CNM Tung, and CNM Kim, and otherwise denies knowledge or information sufficient to form a belief as to the truth of these allegations.

27.     The paragraph in the section marked "JURY TRIAL DEMAND" following paragraph 37 contains Plaintiffs' demand for a trial by jury. The United States avers that Plaintiffs are not entitled to a jury trial for any claim against the United States under the FTCA pursuant to 28 U.S.C. §§ 1346, 2402.

28.     The paragraph in the section beginning with "WHEREFORE" following Plaintiffs' jury demand contains Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, the United States denies that Plaintiffs are entitled to the requested relief or to any relief.

## DEFENSES

For further defenses, the United States alleges as follows:

### FIRST DEFENSE

All of Plaintiffs' claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq.*

## SECOND DEFENSE

The United States, and any of its employees, agents, and servants, acting within the scope of their employment, were not the cause in fact or proximate cause of the alleged injuries or damages suffered by Plaintiffs.

## THIRD DEFENSE

The United States, through its employees, agents, and servants, acted at all relevant times with due care and diligence, and therefore did not breach any actionable duty owed to Plaintiffs.

## FOURTH DEFENSE

The United States is not liable to the extent that any alleged injuries or damages sustained by Plaintiffs were proximately caused by the negligent acts or omissions of third parties not within the control of the United States and for whom the United States has no liability.

## FIFTH DEFENSE

To the extent Plaintiffs' own culpable conduct or negligence was the sole and/or contributory cause of the occurrence set forth in the complaint, Plaintiffs are either barred from recovery entirely or else any recovery must be reduced proportionately.

## SIXTH DEFENSE

Plaintiffs' recovery in this action, if any, is limited to the amount stated in Plaintiffs' administrative claim pursuant to 28 U.S.C. § 2675(b).

## SEVENTH DEFENSE

The United States is not liable for pre-judgment interest or for punitive damages pursuant to 28 U.S.C. § 2674.

### EIGHTH DEFENSE

Plaintiffs are not entitled to a jury trial for any claim against the United States under the FTCA pursuant to 28 U.S.C. §§ 1346, 2402.

### NINTH DEFENSE

Plaintiffs cannot recover to the extent they failed to mitigate damages.

### TENTH DEFENSE

In the event any judgment is awarded to Plaintiffs, such judgment must be reduced by those amounts which have been or will with reasonable certainty be reimbursed or indemnified, in whole or in part, from any collateral source.  *See* N.Y. C.P.L.R. § 4545.

### ELEVENTH DEFENSE

The liability of the United States, if any, with respect to any claim by Plaintiffs for non-economic loss is limited to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss, including persons or entities over whom Plaintiffs could have obtained jurisdiction with due diligence.  *See* N.Y. C.P.L.R. §§ 1402, 1411, 1601.

### TWELFTH DEFENSE

Plaintiffs and/or their counsel may not recover costs or attorney's fees in excess of those permitted by 28 U.S.C. §§ 2412, 2678.

### THIRTEENTH DEFENSE

Any recovery by Plaintiffs is subject to the availability of appropriated funds.  *See* 42 U.S.C. § 233(k).

### FOURTEENTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

The United States may have additional defenses which are not known at this time but which may become known through discovery. Accordingly, United States reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE the United States respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of the United States; and (3) grant such further relief as the Court deems just and proper.

Dated:      October 12, 2021

                                          Respectfully submitted,

                                          DAMIAN WILLIAMS
                                          United States Attorney for the
                                          Southern District of New York

By:     /s/ Samuel Dolinger
        TOMOKO ONOZAWA
        SAMUEL DOLINGER
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2721/2677
        tomoko.onozawa@usdoj.gov
        samuel.dolinger@usdoj.gov