```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JINGYUAN YANG and YANG LI individually and as parents and natural guardians of S.Y., an infant,

    Plaintiffs,

v.

UNITED STATES OF AMERICA and NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., d/b/a NEW YORK-PRESBYTERIAN LOWER MANHATTAN HOSPITAL and NEW YORK-PRESBYTERIAN WEILL CORNELL MEDICAL CENTER,

    Defendants.

21 Civ. 6563 (SDA)

---

## REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on <u>December 7, 2021,</u> and exchanged communications thereafter, and submit the following report of their meeting for the Court's consideration:

    1.    **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiffs**: This is a claim for severe neurological injuries sustained by the infant plaintiff during labor and delivery, including brain damage as well as severe brachial plexopathy and phrenic nerve injury resulting in diaphragmatic paralysis and resultant permanent respiratory insufficiency. The infant was delivered by Sandy Lau Bui, M.D., who is admittedly an employee of the United States, by and through Charles B. Wang Community Health Center, Inc., (CBWCHC) a Federally funded institution pursuant to 42 USC §§ 233 (g)-)(n). There are other employees of CBWCHC involved in the prenatal care, labor and delivery as well identified in the complaint. The infant plaintiff was born at defendant New York-Presbyterian Lower Manhattan

Hospital ("Hospital") and attended by various employees of the Hospital identified in the Complaint, including Mingming Chan, P.A., who is documented as assisting in the delivery. The infant was born in a flaccid, unresponsive state, with recorded APGAR scores of 0, 1 and 4 at one, five and ten minutes respectively. It is claimed that the defendant USA and Hospital were negligent and committed malpractice, *inter alia* in negligently managing labor and delivery and causing severe traumatic injuries to the infant plaintiff.

**Defendants:** Defendant United States of America contends that all of Plaintiffs' claims against the United States are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671, *et seq*. Defendant United States further contends that its employees acted at all relevant times with due care and diligence, and therefore did not breach any actionable duty to Plaintiffs; and were not the cause in fact or the proximate cause of the alleged injuries or damages suffered by Plaintiffs. The United States is also not liable to the extent any alleged injuries or damages sustained by Plaintiffs were proximately caused by the negligent acts or omissions of third parties not within the control of the United States and for whom the United States has no liability. The United States further refers to its Answer filed October 12, 2021 [ECF No. 14], for a complete recitation of its defenses in this case.

Defendant, The New York and Presbyterian Hospital s/h/a New York-Presbyterian Healthcare System, Inc. d/b/a New York-Presbyterian Lower Manhattan Hospital and New York-Presbyterian Weill Cornell Medical Center (hereinafter "NYPH"), contends that it is not liable in this case and that there is no legal or factual basis for any of the claims against NYPH. This was a private patient of the co-defendant, its medical facility The Wang clinic and Dr. Bui, who managed the labor and performed the delivery at issue. Thus, NYPH is insulated from any claims of liability. The Wang health care providers and Dr. Bui made the medical decisions for the management of

this labor and delivery and supervised and controlled the care. The NYPH staff provided assistance to the private physicians and midwives under the direction and supervision of the Wang health care providers. The NYPH staff made no independent medical decisions about the care of this plaintiff-mother and/or the management of the labor and delivery at issue. PA Chan never touched the baby. Her role at the C-section delivery, if any, was to retract tissue to allow Dr. Bui visualization in order to perform the C-section. Dr. Bui performed the delivery in this case. Dr. Bui made the uterine incision and delivered the baby herself. As the assistant at the C-section, PA Chan followed the instructions of the attending obstetrician, Dr. Bui. It is NYPH's position that its employees followed the instructions of the private practitioners and participated in the care only to the extent of providing support for the private practitioners and to help carry out the plan for this patient devised by the private practitioners.

2. **Basis of Subject Matter Jurisdiction**: This Court has subject matter jurisdiction over the Government pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) *et seq.* The Court has diversity jurisdiction as well as supplemental (pendent) jurisdiction over the Hospital. 28 U.S.C. §§ 1331, 1346, 1332 and 1367.

3. **Subjects on Which Discovery May Be Needed**

**Plaintiffs:** Plaintiff seeks certified records/films of the plaintiffs. Additionally, depositions of all persons involved in the prenatal care, labor and delivery of the infant plaintiff. Depositions of subsequent treating physicians, therapists etc. along with any records custodian depositions if necessary.

**Defendants:** Defendant United States will seek medical records from the parties and any third-party providers who provided prenatal and postnatal care, in addition to fact depositions of the adult Plaintiffs, relevant NYPH personnel, and relevant third-party

providers. Defendant further reserves the right to obtain a Fed. R. Civ. P. 35 examination of the infant Plaintiff.

Defendant NYPH will seek discovery to identify who from NYPH allegedly committed malpractice and what that person or persons did that supposedly did not meet the standards of care. NYPH will request medical records authorizations for the care of both plaintiffs and authorization for any EIPs/therapies/school records of the child. NYPH will request authorizations for the release of collateral source payor records. NYPH will seek lien information. We will participate in the depositions of the parents and will seek to depose any other relevant witnesses who have information about the claims of liability and damages, including Dr. Bui and the Wang staff who managed the labor. NYPH will produce PA Chan for deposition if requested to do so but does not agree to produce for deposition "all persons involved in the ... labor and delivery" at issue. Defendant NYPH reserves the right to designate a physician to conduct an examination of the minor plaintiff.

4. **Initial Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure wasdisclosed by Plaintiffs on October 29, 2021. In addition, on October 29, 2021, Plaintiffs produced an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement their production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure wasdisclosed by Defendant United States of America on October 21, 2021. In addition, on October 21, 2021, Defendant United States of America produced an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure

4

was disclosed by Defendant NYP on November 11, 2021. In addition, on November 2, 2021, Defendant NYP produced an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

    a.    All fact discovery must be completed by September 16, 2022.

    b.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

        i.    Depositions: Depositions shall be completed by September 16, 2022 and limited to no more than 15 depositions per party. Absent an agreement

        ii.    Interrogatories: Initial sets of interrogatories shall be served on or before January 7, 2022. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

        iii.    Requests for Admission: Requests for admission must be served on or before May 27, 2022.

        iv.    Requests for Production: Initial requests for production were/will be exchanged on or before January 7, 2022, and responses shall be due on February 7, 2022. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

        v.    Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on

discovery? Describe.

Defendant United States of America objects to Plaintiffs' broad and open-ended request to obtain the deposition testimony of "*all* persons involved in the prenatal care, labor and delivery of the infant plaintiff." Defendant NYPH does not agree to produce for deposition "all persons involved in the ... labor and delivery" at issue and suggests that plaintiff identify one or at most two NYPH witnesses.

Plaintiff responds to this objection as follows: Plaintiff identified in the complaint Sandy Lau Bui, D.O., Pearl Tung, C.N.M., Yuhan Kim, C.N.M., (CBWCHC/USA employees)[ USA Answer ¶ 11] and Amy Frassetto, P.A., Taylor Reardon, P.A., and Mingming Chan, P.A., (NYP employees [NYPAnswer ¶15] as well as Alan W. Ho, M.D. The hospital record indicates that the infant was delivered by Sandy Lau Bui, M.D., and Mingming Chan, P.A. Plaintiff wishes to reserve the right to depose any and/or all of these persons, and depending on their testimony, to depose any additional persons who may have been involved in the labor and delivery of the infant who are not presently known or identified.

7. **Amendments to Pleadings**

   a. Are there any amendments to pleadings anticipated? Yes, plaintiff to add reference to 28 USC §1367 in paragraph 1 if necessary. Pendent jurisdiction of state law claim was referenced in complaint without statutory citation.

   b. Last date to amend the Complaint: <u>December 31, 2021</u>

8. **Expert Witness Disclosures**

At this time, the parties **do**/~~do not~~ (circle one) anticipate utilizing experts. Expert discovery shall be completed by <u>December 16, 2022</u>.

9. **Electronic Discovery and Preservation of Documents and Information**

   a. Have the parties discussed electronic discovery? <u>No.</u>

   b. Is there an electronic discovery protocol in place? If not, when do the parties expect to have one in place? <u>January 7, 2022</u>

   c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

   <u>Not at this time.</u>

6

10. **Anticipated Motions**

NYPH anticipates making a motion to dismiss/for summary judgment if plaintiff does not agree to dismiss NYPH as a defendant.

11. **Early Settlement or Resolution**

The parties ~~have~~/have not (circle one) discussed the possibility of settlement. Theparties request a settlement conference by no later than February 16, 2023. The following information is needed before settlement can be discussed:

> Defendants will need all of Plaintiffs' pre-natal and labor and delivery records, and a current set of the infant Plaintiff's medical and other records. Because this is a medical malpractice case in which Plaintiffs have the burden of presenting expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the infant Plaintiff's injury, Defendants will also need to conduct expert witness discovery in this case.

12. **Trial**

   a. The parties anticipate that this case will be ready for trial by February 28, 2023.

   b. The parties anticipate that the trial of this case will require 15 days.

   c. The parties **do**/~~do not~~ (circle one) consent to a trial before a Magistrate Judge at this time.

   d. The parties request a ~~jury~~/**bench** (circle one) trial as to the United States, see 28 U.S.C. § 2402, and a jury trial as to the NYP Defendant.

13. **Other Matters**

   None at this time.

   Respectfully submitted this 9th day of December 2021

Attorneys for Plaintiffs:                      Attorneys for Defendant United States of America

JONATHAN C. REITER LAW FIRM,

7

PLLC

By: /s/ Jonathan C. Reiter
JONATHAN C. REITER, ESQ.
MERYL I. SCHWARTZ, ESQ.
350 Fifth Avenue, Suite 6400
New York, NY 10118
Tel.: (212) 736-0979
jcreiter@jcreiterlaw.com
mschwartz@jcreiterlaw.com

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ Tomoko Onozawa
TOMOKO ONOZAWA
SAMUEL DOLINGER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel.: (212) 637-2721/2677
tomoko.onozawa@usdoj.gov
samuel.dolinger@usdoj.gov

Attorneys for Defendant The New York and Presbyterian Hospital

McALOON & FRIEDMAN, P.C.

By: _____
LAURA R. SHAPIRO, ESQ.
One State Street Plaza, 23rd Floor
New York, NY 10004-1561
Tel.: (212) 331-0249
laurashapiro@mcf-esq.com

The parties' proposed case management plan is approved. The parties shall file a joint letter regarding the status of discovery on February 15, 2022. SO ORDERED.

Dated: December 16, 2021